decision and journal entry
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Glen R. Mathes, Jr. has appealed from his conviction in the Elyria Municipal Court for operating an overweight truck. This Court reverses.
 I.
Mathes was cited for operating an overweight truck on a state route, in violation of Section 339.01 of the Codified Ordinances of the city of Elyria. He pleaded not guilty, and the matter was tried before the court. The court found Mathes guilty and sentenced him accordingly.
Mathes has timely appealed and has assigned four errors for our review. We review the third assignment first, however, as it is dispositive of the appeal.
 II. THIRD ASSIGNMENT OF ERROR
THE JUDGMENT OF CONVICTION WAS LIKEWISE ERRONEOUS BECAUSE THE STATE FAILED TO ADDUCE ANY EVIDENCE ESTABLISHING AN ESSENTIAL ELEMENT OF THE OFFENSE.
In his third assignment of error, Mathes contends that his conviction is not supported by sufficient evidence. Specifically, Mathes argues that the city failed to prove that he operated an overweight vehicle on a state route without a permit. The city maintains, and the trial court agreed, that the existence of a permit is an affirmative defense, and that the lack of a permit is not an element of the offense.
To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Section 339.01 of the Codified Ordinances of the city of Elyria reads:
No person shall operate or move a vehicle or combination of vehicles of a size or weight in excess of the maximum limitations prescribed in Ohio R.C. 5577.02 to 5577.09, inclusive, on any public street, highway, alley or bridge structure in the City, without a permit for such operation issued by the Ohio Director of Transportation or the Police Chief of the City.
Accordingly, to establish a prima facie case of operating an overweight vehicle on a state route, in violation of Section 339.01 of the Codified Ordinances of the city of Elyria, the city must prove beyond a reasonable doubt, that: (1) the defendant operated an overweight vehicle; (2) on a public street, highway, alley, or bridge structure in Elyria; (3) without a permit, issued by either the Ohio Director of Transportation or the city police chief, for operating an overweight vehicle on a public street, highway, alley, or bridge structure in Elyria. Because the state failed to prove that Mathes did not have a permit to operate an overweight vehicle, there is insufficient evidence to sustain Mathes' conviction for operating an overweight vehicle on a state route, in violation of Section 339.01 of the Codified Ordinances of the city of Elyria.
Accordingly, the third assignment of error is sustained.
 first assignment of error
THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT SUPPRESSING ALL EVIDENCE IN THIS CASE.
 SECOND ASSIGNMENT OF ERROR
THERE WAS INSUFFICIENT PROOF THE FIXED SCALE USED TO WEIGH MATHES' TRUCK
 FOURTH ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR A JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE CITY'S CASE (AND RENEWED AT THE CLOSE OF APPELLANT'S CASE).
Our disposition of Mathes' third assignment of error renders his first, second, and fourth assigned errors moot. See App.R. 12(A)(1)(c).
 III.
The judgment of the trial court is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ____________________________ DONNA J. CARR
BATCHELDER, P.J., SLABY, J. CONCUR.